

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

March 12, 1951.

Hon. J. A. Phillips, Chairman
Texas State Board of Public Accountancy
Austin, Texas

Opinion No. V-1156.

Re: Eligibility of a member
of the Naval Reserve
on inactive duty status
for a public account-
ant's permit under pro-
visions extending the
time for applications
of members of the armed
forces for a year after
honorable discharge.

Dear Mr. Phillips:

Your letter of January 22, 1951, reads as fol-
lows:

"Section 11 (c) of the Public Account-
ancy Act of 1945, State of Texas, provides:

"'In the case of any person serving in
the armed forces of the United States or any
of the United Nations on the effective date
of this Act, the Board shall extend the time
for compliance prescribed by any provisions
of this Act, for a period of twelve months
from the time such person is honorably dis-
charged from such service.'

"It appears that Mr. Ray Harris of
George West, Texas, was serving in our
armed forces on the effective date of the
1945 act. I am enclosing two letters from
Mr. Harris, together with certified copies
of two documents, and am here requesting
that your office give us an opinion in re-
spect of whether an application could now
be timely filed by Mr. Harris.

"It appears that Mr. Harris is in the
U.S. Navy Reserve and that he has not tech-
nically received an honorable discharge."

The documents referred to in your letter appear to certify that Mr. Harris was on active duty with the United States Navy in World War II from July 31, 1944, to April 24, 1946, at the end of which time he was released from active duty. They contain an endorsement indicating that such service and separation therefrom were honorable.

Mr. Harris contends that he has never been "discharged" but was merely released to inactive duty in the U.S. Navy Reserve and is entitled to make an application for a public accountant's license at this time under the provisions of Section 11 (c) of the Public Accountancy Act of 1945, Article 41a, V.C.S. Your letter did not state whether Mr. Harris possessed the necessary qualifications at the time he entered the service, but, for the purpose of this opinion, we assume that he did.

Your inquiry may be answered by determining the intent of the Legislature when it authorized the Texas State Board of Public Accountancy to extend the time for compliance with the provisions of the Act for a period of twelve months after members of the armed forces are discharged. The purpose of this section of the Act was to relieve persons "serving in the armed forces" from the necessity of making an application while "serving" and for twelve months thereafter. Such persons' activities were disrupted in most instances by their military service, and it was inconvenient, if not impossible, for them to comply with the provisions of the Act. Once the "service" had ended and a reasonable time thereafter had elapsed, the reason for the extension of time ceased to exist.

The term "honorable discharge" sometimes refers to the act of the proper military authorities in completely releasing personnel from membership in the armed services and authoritatively certifying that the service was honorable. See In re Fong Chew Chung, 149 F.2d 904 (C.C.A. 9th 1945). The term, when used in that sense, has a technical significance and places persons "honorably discharged" in a technical status of completely severed membership. As thus used, military personnel whose membership has not been terminated have not been "honorably discharged." This would apply to those who were released from active duty but who have retained their status as members of reserve forces.

However, as we interpret the purpose of this Act, the Legislature did not necessarily use the term "honorably discharged" in such a technical sense. We construe this term as describing the termination of the "service" referred to, whether it be a final termination of membership or only such a termination as released the individual to normal civilian pursuits.

The only adjudicated case which we have found on the subject supports our conclusion. In Dierkes v. City of Los Angeles, 156 P.2d 741 (Cal. Sup. 1945), the Court determined whether time served in the armed forces could be credited to a policeman to qualify him for retirement under a charter provision allowing credit for such service, conditioned on a return to employment within one year after having been "honorably discharged from such service." The particular policeman had been relieved from active duty in the service but was and remained a member of the reserve at the time he returned to employment with the city. The Court allowed the credit for several reasons, one of which was stated to be:

> "We are satisfied that the words 'honorably discharged from such service' must be construed to mean, in a proper case, honorably relieved, released, transferred, or retired from active duty status, and, hence, that the plaintiff herein, when he resumed the discharge of duties in the police department on November 24, 1942, under the circumstances hereinabove related, fulfilled all the requirements of section 189 which are applicable to a city employe-veteran whose time of service for a police pension is not otherwise complete."

We therefore conclude that Mr. Harris was "discharged," within the meaning of Section 11 (c) of the Public Accountancy Act of 1945, Article 41a, V.C.S., on April 24, 1946. Whether he was "honorably" discharged depends on whether at the time of relief from active duty his service was officially determined to have been honorable. The certificate of satisfactory service accompanying your request indicates that Harris was separated under honorable conditions. However, whether the service was determined to have been honorable is material only if the application was made within the time allowed in the Act.

Assuming, as indicated by your letter and attachments, that Mr. Harris was relieved from active duty on April 24, 1946, and has been on an inactive reserve basis ever since, he may not now qualify under Section 11 (c).

## SUMMARY

A member of the U.S. Naval Reserve who was released from active duty in the Navy on April 24, 1946, was "discharged" on that date within the meaning of Section 11 (c) of the Public Accountancy Act of 1945 (Art. 41a, Sec. 11 (c), V.C.S.).

APPROVED:

Ned McDaniel
State Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Charles D. Mathews
First Assistant

WSL: jmc

Yours very truly,

PRICE DANIEL
Attorney General

By William S. Lott
William S. Lott
Assistant